UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No. 94-80346

JERRY GONYEA,                      HONORABLE AVERN COHN

    Defendant.

_____

**<u>ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT (Doc. 102)</u>**

## I.

This is a criminal case which has long since closed. In 1994, defendant and an accomplice robbed two banks during which defendant brandished firearms and terrorized those present, including children, with threats of death. Defendant was also on state parole at the time of the offenses. Defendant initially plead guilty to two counts of bank robbery, in violation of 18 U.S.C. § 2113 and two counts of using or carrying a firearm during the commission of a felony, in violation of 18 U.S.C. § 924(c). Following protracted pre-trial proceedings, during which defendant withdrew his plea and attempted, unsuccessfully, to pursue a diminished capacity defense, defendant again plead guilty in 1996 to the same four counts. The Rule 11 agreement called for a sentence at the bottom end of the guidelines, 351 months. Defendant also reserved the right to appeal the preclusion of his diminished capacity defense. The Court sentenced defendant to 351 months. Defendant appealed, arguing that he should have been allowed to present a diminished capacity defense. The Court of Appeals for the Sixth

Circuit affirmed defendant's conviction. United States v. Gonyea, 140 F.3d 649 (6th Cir. 1998). Defendant did not further pursue other post-conviction remedies.

Over twelve years later, on August 25, 2010, defendant filed the instant motion for relief from judgment under Fed. R. Civ. P. 60(b) in which he challenges his sentence under § 924(c). The government, at the Court's direction, filed a response.[1] For the reasons that follow, the motion is DENIED.

## III.

Fed. R. Civ. P. 60(b) provides in relevant part:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

A motion under Rule 60(b) must be filed within a reasonable time and for reasons under subsections (1), (2) and (3), "no more than one year after entry of the judgment or order or the date of the proceedings." Fed. R. Civ. P. 60(c).

## IV.

---

[1] Defendant also filed a paper styled "Request for Summary of Judgment" in which he says that the government has not filed a response and therefore he is entitled to judgment. Doc. 105. Defendant is mistaken. The government filed a response to the motion on October 8, 2010. Doc. 104. Thus, defendant's request is MOOT.

2

As an initial matter, defendant's motion was filed over twelve years after the Sixth Circuit affirmed his conviction. This is not within a reasonable time. Defendant, however, says that his motion is based on a decision which issued in 2008, United States v. O'Brien, 542 F.3d 921 (D. Mass. 2008). Although defendant says he was not made aware of this decision until 2010, the Court finds the motion was not filed within a reasonable time.

Even assuming that defendant's motion was timely, defendant has not met the standard for granting relief from judgment. As explained in the government's response, defendant's motion is based on a misunderstanding of § 924(c) as it existed at the time of his sentence. The section of § 924(c) defendant refers to did not exist at the time of his sentence. Moreover, defendant was sentenced to 51 months concurrent for the bank robberies plus a mandatory consecutive sentence of 5 and 20 years, respectively, on the § 924(c) convictions.

Finally, although defendant asks that his motion not be construed as a motion under 28 U.S.C. § 2255 because it would be untimely, see defendant's motion at ¶ 17, it is in fact a § 2255 motion inasmuch as he is raising "a new ground for relief" - that his sentence was improper. See Nailer v. United States, 487 F.3d 1018 (6th Cir. 2007). The Sixth Circuit requires a court to first notify a defendant that it intends to re-characterize a Rule 60(b) motion as a motion under § 2255 to give a defendant an opportunity to withdraw the motion. See In re Shelton, 295 F.3d 620 (6th Cir. 2002).

3

The purpose of the rule is to ensure that a defendant takes advantage of the opportunity to file a § 2255 motion.  However, given defendant's admission that a § 2255 motion would be time barred, and his express request that his motion not be considered a § 2255 motion, it is not necessary to apply this rule.  Construing the motion under § 2255, it must be denied as untimely.  See government's brief at p. 7.

SO ORDERED.

       S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  October 28, 2010

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 28, 2010, by electronic and/or ordinary mail.

       S/Michael Williams
Relief Case Manager, (313) 234-5160