UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

JERRY GONYEA,

    Defendant/Petitioner.
_____/

Case No. 94-80346

HON. AVERN COHN

## ORDER TRANSFERRING PETITIONER'S "SECOND-IN-TIME § 2255 MOTION" (Doc. 119) TO THE COURT OF APPEALS FOR THE SIXTH CIRCUIT

### I. Introduction

This is a criminal case which has long since closed. Defendant/Petitioner Jerry Gonyea (Petitioner) is serving a sentence of 351 months following his conviction on bank robbery and firearms charges. Before the Court is Petitioner's "Second-In-Time § 2255 Motion." For the reasons that follow, the motion will be transferred to the Court of Appeals for the Sixth Circuit for a determination of whether Petitioner may file a second § 2255 motion.

### II. Background

In 1994, Petitioner and an accomplice robbed two banks during which Petitioner brandished firearms and terrorized those present, including children, with threats of death. Petitioner was also on state parole at the time of the offenses. Petitioner initially plead guilty to two counts of bank robbery, in violation of 18 U.S.C. § 2113 and two counts of using or carrying a firearm during the commission of a felony, in violation

of 18 U.S.C. § 924(c). Following protracted pre-trial proceedings, during which Petitioner withdrew his plea and attempted, unsuccessfully, to pursue a diminished capacity defense, Petitioner again plead guilty in 1996 to the same four counts. The Rule 11 agreement called for a sentence at the bottom end of the guidelines, 351 months. Petitioner also reserved the right to appeal the preclusion of his diminished capacity defense. As noted above, the Court sentenced Petitioner to 351 months. Petitioner appealed, arguing that he should have been allowed to present a diminished capacity defense. The Court of Appeals for the Sixth Circuit affirmed Petitioner's conviction. United States v. Gonyea, 140 F.3d 649 (6th Cir. 1998).

Over twelve years later, on August 25, 2010, Petitioner filed a motion for relief from judgment under Fed. R. Civ. P. 60(b) in which he challenged his sentence under § 924(c). The Court denied the motion on October 28, 2010. See Doc. 106. Petitioner did not appeal. Thereafter, almost two years later, on August 16, 2012, Petitioner filed a motion under § 2255, challenging the computation of his sentence and raising complaints regarding the conditions of his confinement. The Court denied the motion. See Doc. 116. Petitioner did not appeal.

Then, in 2015, Petitioner filed a petition under 28 U.S.C. § 2241. Petitioner argued that that he is entitled to relief (1) based on the Supreme Court's decisions in Missouri v. Frye, 132 S.Ct. 1399 (2012), and Lafler v. Cooper, 132 S.Ct. 1376, 1384 (2012),[1] (2) trial counsel was ineffective for misadvising Petitioner regarding the

---

[1]In these cases, the Supreme Court held that a criminal defendant is entitled to the effective assistance of counsel during the plea bargaining stage, and that counsel must convey any plea offers made by the prosecution to the defendant.

2

prospects of raising certain defenses at trial, (3) his sentence is too long, and (4) he has failed to receive sentencing credit for time served in the state system. Gonyea v. United States, 15-10116. The matter was before a different judge in this district who denied the petition. See Doc. 5 in case no. 15-10116. Petitioner appealed. The Sixth Circuit affirmed. Gonyea v. Terris, No. 15-1199 (6th Cir. Sept, 10, 2015).

Later in 2015, Petitioner filed a petition for a writ of audita querela. Goneya v. United States, 15-10268 which was assigned to the undersigned. Petitioner raised the same claims in his § 2241 motion. The Court denied the petition. See Doc. 2 in case no. 15-10268. Petitioner appealed. The Sixth Circuit affirmed. Gonyea v. United States, No. 15-1227 (6th Cir. Oct. 8, 2015).

In December 2016, Petitioner filed the instant motion under § 2255.[2] (Doc. 119). As noted in the title, this is Petitioner's second § 2255 motion. Petitioner seeks relief based on the Supreme Court's decision in Dean v. United States, 137 S. Ct. 1170 (2017).

## II. Discussion

Under § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court is required to transfer to the Sixth Circuit any second or successive petition for habeas relief filed in the district court without authorization,

---

[2]Petitioner also filed a "Motion to Clarify or Correct Judgment in a Criminal Case." (Doc. 118). That motion is awaiting a response by the government and will be the subject of a separate order.

pursuant to 28 U.S.C. § 1631.  In re Sims, 111 F.3d 45, 47 (6th Cir. 1997).[3]

A district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition.  Ferrazza v. Tessmer, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).

Accordingly, the Court TRANSFERS this matter to the Sixth Circuit under 28 U.S.C. § 1631 for a determination of whether Petitioner is entitled to a certificate of authorization to file a successive motion to vacate under § 2255.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 5/10/2018
    Detroit, Michigan

---

[3] Under the rule set forth in In re Shelton, 295 F.3d 620 (6th Cir.2002), a district court normally must provide notice to the movant and an opportunity to withdraw the motion before recharacterizing a motion as a § 2255 motion.  Id. at 622.  However, the Sixth Circuit has held that "when . . . a movant has previously filed a § 2255 motion, the rule of In re Shelton is of no consequence."  In re Nailor, 487 F.3d 1018, 1023 n.3.  Because Petitioner filed a prior motion under § 2255, the rule in In re Shelton does not apply.