UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,                          Case No. 94-80346

v.                                                           HON. AVERN COHN

JERRY GONYEA,

    Defendant/Petitioner.

_____/

## ORDER DENYING PETITIONER'S "MOTION TO CLARIFY OR CORRECT JUDGMENT IN A CRIMINAL CASE." (Doc. 118)

I. Introduction

This is a criminal case which has long since closed. Defendant/Petitioner Jerry Gonyea (Petitioner) is serving a sentence of 351 months following his conviction on bank robbery and firearms charges. Before the Court is Petitioner's "Motion to Clarify or Correct Judgment in a Criminal Case." (Doc. 118). For the reasons that follow, the motion is DENIED.

II. Background

In 1994, Petitioner and an accomplice robbed two banks during which Petitioner brandished firearms and terrorized those present, including children, with threats of death. Petitioner was also on state parole at the time of the offenses. Petitioner initially plead guilty to two counts of bank robbery, in violation of 18 U.S.C. § 2113 and two counts of using or carrying a firearm during the commission of a felony, in violation of 18 U.S.C. § 924(c). Following protracted pre-trial proceedings, during which

Petitioner withdrew his plea and attempted, unsuccessfully, to pursue a diminished capacity defense, Petitioner again plead guilty in 1996 to the same four counts. The Rule 11 agreement called for a sentence at the bottom end of the guidelines, 351 months. Petitioner also reserved the right to appeal the preclusion of his diminished capacity defense. As noted above, the Court sentenced Petitioner to 351 months. Petitioner appealed, arguing that he should have been allowed to present a diminished capacity defense. The Court of Appeals for the Sixth Circuit affirmed Petitioner's conviction. United States v. Gonyea, 140 F.3d 649 (6th Cir. 1998).

Over twelve years later, on August 25, 2010, Petitioner filed a motion for relief from judgment under Fed. R. Civ. P. 60(b) in which he challenged his sentence under § 924(c). The Court denied the motion on October 28, 2010. See Doc. 106. Petitioner did not appeal. Thereafter, almost two years later, on August 16, 2012, Petitioner filed a motion under § 2255, challenging the computation of his sentence and raising complaints regarding the conditions of his confinement. The Court denied the motion. See Doc. 116. Petitioner did not appeal.

Then, in 2015, Petitioner filed a petition under 28 U.S.C. § 2241. Petitioner argued that that he is entitled to relief (1) based on the Supreme Court's decisions in Missouri v. Frye, 132 S.Ct. 1399 (2012), and Lafler v. Cooper, 132 S.Ct. 1376, 1384 (2012),[1] (2) trial counsel was ineffective for misadvising Petitioner regarding the prospects of raising certain defenses at trial, (3) his sentence is too long, and (4) he has

---

[1]In these cases, the Supreme Court held that a criminal defendant is entitled to the effective assistance of counsel during the plea bargaining stage, and that counsel must convey any plea offers made by the prosecution to the defendant.

failed to receive sentencing credit for time served in the state system. Gonyea v. United States, 15-10116. The matter was before a different judge in this district who denied the petition. See Doc. 5 in case no. 15-10116. Petitioner appealed. The Sixth Circuit affirmed. Gonyea v. Terris, No. 15-1199 (6th Cir. Sept, 10, 2015).

Later in 2015, Petitioner filed a petition for a writ of audita querela. Goneya v. United States, 15-10268 which was assigned to the undersigned. Petitioner raised the same claims in his § 2241 motion. The Court denied the petition. See Doc. 2 in case no. 15-10268. Petitioner appealed. The Sixth Circuit affirmed. Gonyea v. United States, No. 15-1227 (6th Cir. Oct. 8, 2015).

In December 2017, Petitioner filed a motion under § 2255. (Doc. 119), seeking relief based on the Supreme Court's decision in Dean v. United States, 137 S. Ct. 1170 (2017). Because it was Petitioner's second § 2255 motion, the Court transferred it to the Sixth Circuit. (Doc. 126). Around the same time, Petitioner filed the instant motion to clarify or correct the judgment, in which he again says that the Bureau of Prisons has declined to give him credit on his federal sentence for time served on his state sentence.

## II. Discussion

As an initial matter, Petitioner have moved under Fed. R. Crim. P. 36 which provides for the correction of clerical errors in a judgment. Petitioner is arguing that there is a legal error in his sentence; thus, Rule 36 does not apply.

Further, as the government notes, Petitioner is making the same sentencing credit argument he made in prior motions. The Court has already explained why his argument lacks merit. First, the Sixth Circuit has made clear that "the power to grant

3

credit for time served lies solely with the Attorney General and the Bureau of Prisoners." United States v. Crozier, 259 F.3d 503, 520 (6th Cir. 2001). Second, Petitioner's request is based on a misunderstanding of § 924(c) as it existed at the time of his sentence. The section of § 924(c) Petitioner refers to did not exist at the time of his sentence. Petitioner was sentenced to 51 months concurrent for the bank robberies plus a mandatory consecutive sentence of 5 and 20 years, respectively, on the § 924(c) convictions. At the time of Petitioner's sentencing, the statute forbid sentences under § 924(c) from running concurrently with any other sentence. Thus, Petitioner cannot get credit for time spent in state custody on his § 924(c) sentences.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: June 19, 2018
Detroit, Michigan